UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDUARDO CARCAMO, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>TACOS EL POBLANITO INC. d/b/a TACOS EL POBLANITO, and DANIEL BARRIOS CASTILLO, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Docket No.:** 25-cv-5339<br><br>Jury Trial Demanded |

EDUARDO CARCAMO ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against TACOS EL POBLANITO INC. d/b/a TACOS EL POBLANITO ("TEP"), and DANIEL BARRIOS CASTILLO, individually, (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF CASE**

1.     This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the minimum wage provisions of the NYLL, NYLL § 652(1), 12 NYCRR §

146-1.2; (iv) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 146-1.6; (v) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (vi) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a New York corporation that operates Mexican food trucks based out of Brooklyn, New York, and its owner and day-to-day overseer - - as a food truck worker primarily in Brooklyn, New York, from May 22, 2022, until June 24, 2024. As described below, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, a regular schedule in excess of forty hours each workweek, or virtually each week, plus, several times each spring and summer, additional hours outside of his regular schedule for private events. Yet in exchange, Defendants paid Plaintiff a flat daily rate that did not change regardless of how many hours he worked in a day or in a week. For all weeks, the amount that Defendants paid Plaintiff fell below the minimum wage that New York law requires per hour of work. Thus, Defendants did not pay Plaintiff at the rate of one and one-half times his regular rate, or one and one-half times the minimum wage rate, if greater, for the hours that he worked over forty in a week, in violation of the FLSA's and the NYLL's overtime provisions, or at least at the minimum wage rate per hour worked, in violation of the NYLL's minimum wage provisions.

3. Moreover, throughout his employment, for those days when Plaintiff's shift exceeded ten hours from beginning to end, Defendants did not compensate Plaintiff with an

2

additional one hour's pay at the minimum wage rate, in violation of the spread-of-hours provisions of the NYLL and the NYCRR.

4. Finally, Defendants violated the NYLL by failing to furnish Plaintiff with any wage statement on each payday or with any wage notice at the time of his hire, let alone an accurate statement or notice.

5. Defendants paid and treated all of their non-managerial food truck workers in the same manner.

6. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York state law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district, in that Defendants' business is located in this District and Plaintiff performed substantially all of his work for Defendants in this District.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant TEP was and is a New York corporation that is both registered to receive service of process and maintains its principal place of business at 330 64th Street, 2nd Floor, Brooklyn, New York 11220.

11. At all relevant times herein, Defendant Barrios was and is TEP's owner and its day-to-day overseer, who in that role personally managed and oversaw, and continues to manage and oversee, the daily operations of TEP, and who was and is ultimately responsible for all matters with respect to the terms and conditions of employment for all of its employees, including hiring and firing employees, setting employees' schedules and determining their work responsibilities, determining employees' rates and methods of pay and hours worked, and maintaining employment records for all employees, including those matters with respect to Plaintiff and FLSA Plaintiffs.

12. At all relevant times herein, both Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, Defendant TEP's qualifying annual business exceeded and exceeds $500,000.00. Furthermore, Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they have employed two or more employees and use products in their daily business operations, such as vegetables, meats, fish, spices, and general goods, which have moved across state lines. Defendants also accept payment in cash that naturally moves across state lines, as well as credit cards that are processed by out-of-state banking companies. The combination of all of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

## **COLLECTIVE ACTION ALLEGATIONS**

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who during the applicable FLSA limitations period, performed any work for Defendants as a food truck worker, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. At all relevant times herein, Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all relevant times herein, Defendants were and are aware of the requirement to pay Plaintiff and FLSA Plaintiffs at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Defendant Barrios was aware that food truck workers' hours exceeded forty in a week because he often worked alongside them. Furthermore, these employees lodged numerous complaints to Barrios that Defendants were not paying them for their overtime hours worked in accordance with the law. Nevertheless, Defendants continued not to pay them proper overtime compensation for their hours worked over forty in a week.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees proper overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

17. Defendant TEP was and is a New York corporation that operates Mexican food trucks based out of Brooklyn, New York.

18. Defendant Barrios was and is the owner of TEP and its day-to-day overseer, who, in that role, was and remains responsible for all personnel-related matters, as detailed above. Indeed, Barrios hired and fired Plaintiff, set Plaintiff's hours and rate of pay, paid him, communicated Plaintiff's work instructions to him, and maintained or should have maintained Plaintiff's employment records.

19. Plaintiff worked for Defendants from May 26, 2022, until June 24, 2024, as a non-managerial food truck worker. In this role, Plaintiff's primary duties involved performing the jobs of a line cook, food preparer, delivery person, service window attendant, cashier, and driver at Defendants' worksites, which are located primarily in Brooklyn, New York.

20. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did generally work, six overnight shifts per week, beginning as early as 6:00 p.m. and ending as late as 9:00 a.m. the following morning, without a scheduled or uninterrupted break during his shifts, for a total of seventy-two to eighty-one regularly scheduled hours per week, and sometimes even more than that.

21. In addition, approximately eight to ten times each spring and summer, Plaintiff worked additional hours outside of his regular schedule on his day off, Wednesday, for private events, for ten to twelve hours per day. Thus, in these weeks, Plaintiff worked eighty-two to ninety-three hours per week.

22. In exchange for his work, throughout his employment, Defendants paid Plaintiff a daily rate of $158.00 that did not change regardless of how many hours he worked in a day or in a week. Thus, Defendants did not pay Plaintiff at his overtime rate of one and one-half times his regular rate, or one and one-half times the minimum wage rate, if greater, for the hours that he worked over forty in a week. Indeed, Plaintiff's regular rate, when calculated on an hourly basis, fell below the minimum wage rate that New York law required per hour of work during that time.

23. In addition, throughout his employment, Defendants routinely required Plaintiff to work shifts that exceeded ten hours from start to finish, yet for those days, Defendants failed to pay Plaintiff an additional one hour's pay at the applicable minimum wage rate.

24. By way of example only, for the week of May 20 through May 27, 2024, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without a scheduled or uninterrupted break during his shifts:

> Monday, May 20 – Tuesday, May 21: 6:00 p.m. through 6:50 a.m.;
>
> Tuesday, May 21 – Wednesday, May 22: 6:00 p.m. through 7:00 a.m.;
>
> Wednesday, May 22 – Thursday, May 23: Off;
>
> Thursday, May 23 – Friday, May 24: 6:00 p.m. through 6:45 a.m.;
>
> Friday, May 24 – Saturday, May 25: 6:00 p.m. through 6:20 a.m.;
>
> Saturday, May 25 – Sunday, May 26: 6:00 p.m. through 6:50 a.m.; and
>
> Sunday, May 26 – Monday, May 27: 7:00 p.m. through 8:26 a.m.

Accordingly, Plaintiff worked a total of seventy-seven hours and eleven minutes during this week. In exchange, Defendants paid Plaintiff $158.00 per day, for a total of $948.00, which did not include overtime pay for the thirty-seven hours and eleven minutes of work that he performed in excess of forty. Additionally, during this week, Defendants paid Plaintiff at the effective hourly rate of $12.28, which fell below New York's minimum wage rate of $16.00 per hour at the time.

7

Defendants also did not pay Plaintiff an additional one hour of pay at the minimum wage rate for the six shifts that he worked during this week that exceeded ten hours from beginning to end.

25. Defendants paid Plaintiff once a week, on no set day, in cash.

26. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone a statement that accurately listed, *inter alia*, the dates of pay covered by the wages, his actual hours worked, his regular and overtime rates of pay, and his regular, overtime, and spread of hours wages owed. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and resulted in the underpayment of wages as asserted herein.

27. Additionally, Defendants failed to provide Plaintiff with any wage notice at his time of hire, let alone a notice that accurately contained, *inter alia*: his regular and overtime rates of pay; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and resulted in the underpayment of wages as asserted herein.

28. Defendants have acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

29. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

30. Each hour that Plaintiff and FLSA Plaintiffs worked was and is for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

31.　Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32.　29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

33.　As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

34.　As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

35.　Defendants willfully violated the FLSA.

36.　Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

37.　Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

38.　Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half time the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

40. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action are employees within the meaning of the NYLL and the NYCRR.

41. As also described above, Plaintiff and any FLSA Plaintiff who opts into this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

42. Plaintiff and any FLSA Plaintiff who opts into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half time the minimum wage rate, if greater.

43. Plaintiff and any FLSA Plaintiff who opts into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the NYLL and NYCRR*

44. Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. NYLL § 652(1) and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

46. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action are employees

within the meaning of the NYLL and the NYCRR.

47. As also described above, Defendants failed to compensate Plaintiff and any FLSA Plaintiff who opts into this action at least at the minimum hourly rate that the NYLL and the NYCRR require for all hours worked.

48. At the least, Plaintiff and any FLSA Plaintiff who opts into this action are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

49. Plaintiff and any FLSA Plaintiff who opts into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCRR's Spread-of-Hours Requirements*

50. Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. NYLL § 652 and 12 NYCRR § 146-1.6 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

52. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action are employees within the meaning of the NYLL and the NYCRR.

53. As also described above, Plaintiff and any FLSA Plaintiff who opts into this action worked days when their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

54. Plaintiff and any FLSA Plaintiff who opts into this action are entitled to spread-of-

hours pay in the amount of one hour's pay at the then-applicable minimum hourly wage rate for any day worked in which their spread of hours exceeded ten.

55. Plaintiff and any FLSA Plaintiff who opts into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

56. Plaintiff and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

58. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action are employees within the meaning of the NYLL.

59. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action with any wage statement, let alone a statement that accurately contained the criteria that the NYLL requires.

60. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

## **SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

61. Plaintiff and any FLSA Plaintiff who opts into this action repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

63. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action are employees within the meaning of the NYLL.

64. As also described above, Defendants, at the time of hire, failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action with any wage notice, let alone a notice that accurately contained the criteria that the NYLL requires.

65. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

## **DEMAND FOR A JURY TRIAL**

66. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York laws;

      b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

      c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

      d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      e. Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

      f. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

      h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

      i. Awarding pre-judgment and post-judgment interest, as provided by law; and

      j.   Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       September 23, 2025

                          Respectfully submitted,

                          BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

BY: _____
EDGAR M. RIVERA, ESQ. (ER 1378)
ALEXANDER T. COLEMAN, ESQ. (AC 8151)
MICHAEL J. BORRELLI, ESQ. (MB 8533)