UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

EDUARDO CARCAMO,

                    Plaintiff,

      - against -

TACOS EL POBLANITO, INC. and DANIEL
BARRIOS CASTILLO

                Defendants.

-------------------------------------------------------------- X

:
:
:
:
:
:
:
:
:
:
:
:
:

**<u>MEMORANDUM DECISION
AND ORDER</u>**

25-cv-5339 (BMC)

**COGAN**, District Judge.

In this putative collective action, plaintiff brings claims against his former employers for unpaid overtime under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), as well as unpaid minimum wages, unpaid spread-of-hours wages, failure to furnish wage statements, and failure to furnish a wage notice under the NYLL. The Court directed plaintiff to file a letter explaining why it should not dismiss Count V, failure to furnish wage statements under NYLL § 195(3), and Count VI, failure to furnish wage notices under NYLL § 195(1), for lack of standing, and referred plaintiff to this Court's prior ruling in <u>Deng v. Frequency Elecs., Inc.</u>, 640 F. Supp. 3d 255 (E.D.N.Y. 2022).

NYLL § 195(1) requires employers to provide new employees a wage notice at the time of hiring that sets forth the employee's rate of pay and allowances, as well as various other information relating to the computation of the employee's pay. Section 195(3) requires employers to provide, for each pay period, a wage statement showing how that pay was computed, including deductions and allowances. The NYLL provides for statutory damages of up to $10,000 for failure to provide a wage notice and wage statements. N.Y. Lab. L. § 198(1)(b), (d).

In <u>TransUnion LLC v. Ramirez</u>, 594 U.S. 413 (2021), the Supreme Court clarified that Article III standing does not exist simply because a technical violation triggers a statutory damage award; the plaintiff must still demonstrate an actual and concrete injury.  It is well-settled that this principle applies to wage notice and statement claims under NYLL § 195. <u>See</u> <u>Guthrie v. Rainbow Fencing, Inc.</u>, 113 F.4th 300, 305 (2d Cir. 2024).  Although the New York state legislature, in adopting § 195 as part of New York's Wage Theft Prevention Act, "may have intended to empower employees to advocate for themselves," that possible inference of legislative purpose is not enough to establish an injury for mere violation of the statute.  <u>Id.</u> at 308.  Accordingly, "a plaintiff must show some causal connection between the lack of accurate notices and the downstream harm."  <u>Id.</u>

In the instant case, the complaint alleges that plaintiff did not receive a wage notice or any wage statements, which "deprived [him] of the ability to know exactly how much compensation he was entitled to receive and resulted in the underpayment of wages as asserted herein."  Plaintiff contends that in accordance with the Second Circuit's decision in <u>Guthrie</u>, he "has identified a concrete downstream harm as a result of the statutory violations: the underpayment of wages and the lost time-value of money."  This Court disagrees.

The harm that plaintiff allegedly suffered is simply the harm that the statute seeks to prevent: wage theft.  <u>Guthrie</u> plainly rejected this theory of standing as "inconsistent with <u>TransUnion</u>."  <u>Id.</u> at 307-08.  Further, as <u>Guthrie</u> later explains:

> A plaintiff-employee *may* have suffered an injury-in-fact sufficient to establish standing when, for example, inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion.  But the plaintiff-employee cannot "assume this conclusion without analysis" or rely on "speculation and conjecture."  <u>Quieju v. La Jugueria Inc.</u>, No. 23-cv-264, 2023 WL 3073518, at *2 (E.D.N.Y. Apr. 25, 2023)).  Rather, the plaintiff-employee must support a plausible "theory as to *how* he was injured by the defendants' failure to provide the required documents."

2

Id. at 309 (cleaned up).  The problem with plaintiff's allegations is that any plaintiff bringing

wage notice and statement claims could allege the same.  There is nothing about plaintiff's

allegations linking any legally cognizable injury that plaintiff *personally* experienced to his

employers' failure to provide a wage notice and wage statements under the NYLL.[1]  See Perez v.

E.P.E. Enter. Corp., No. 22-cv-6353, 2024 WL 1632255, at \*5 (E.D.N.Y. Apr. 15, 2024), report

and recommendation adopted (E.D.N.Y. June 10, 2024).

Although the failure to provide wage notices and statements "may result in various harms

to an employee," plaintiff "has not plausibly alleged that [defendants'] failure to provide the

wage notices and wage statements in this case caused him to suffer any of those harms."

Guthrie, 113 F.4th at 310.  Plaintiff therefore lacks standing to bring his § 195 claims, which

means that the Court does not have subject matter jurisdiction over those claims.  See Deng, 640

F. Supp. 3d at 267 (citing TransUnion, 594 U.S. at 417 ("No concrete harm, no standing.")).

Plaintiff's wage notice and statement claims, Counts V and VI, are thus dismissed without

prejudice to recommencement in state court where there is no Article III standing requirement.

Id.; see also Cent. States Se. & Sw. Areas Health & Welfare Fund v Merck-Medco Managed

---

[1] Plaintiff argues that his allegations are analogous to those "that the Guthrie panel cited approvingly" in footnote 4 of its decision.  Guthrie notes a range of district court decisions – approving or rejecting some and neutrally noting others.  The cases cited in footnote 4 are merely *noted*, not approved or even rejected, as cases that "have concluded that plaintiffs adequately alleged that the lack of accurate notices caused a downstream harm."  Guthrie, 113 F.4th at 308 n.4.  By contrast, Guthrie *approves* this Court's reasoning from Quieju that "the plaintiff-employee must support a plausible 'theory as to *how* he was injured by [the] defendants' failure to provide the required documents.'"  See Guthrie, 113 F.4th at 309 (quoting Quieju, 2023 WL 3073518, at \*2).  That reasoning guides the Court's decision in this case.

3

Care, L.L.C., 433 F. 3d 181, 198 (2d Cir. 2005) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*.").

**SO ORDERED.**

*Brian M. Cogan*

—————————————————————
U.S.D.J.

Dated:  Brooklyn, New York
        February 18, 2026

4